```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN E. WENIGER, et al.      :        CIVIL ACTION
                             :
         v.                  :
                             :
NATIONWIDE INSURANCE         :
COMPANY                      :        NO. 05-5396
```

MEMORANDUM

Bartle, C.J.                                          May 26, 2006

   Plaintiffs John and Lori Weniger have moved to compel defendant Nationwide Mutual Insurance Company ("Nationwide") to produce documents subject to the attorney-client privilege on the basis of the crime-fraud exception.

   In 1993, Mr. Weniger was involved in a motor vehicle accident and received lost wage benefits from his insurer, Nationwide.  On July 16, 2000, Mr. Weniger was involved in another motor vehicle accident and sought under-insured motorist benefits.  Dissatisfied with the amount of the arbitration award in his favor, Mr. Weniger and his wife instituted an action against Nationwide in the Court of Common Pleas of Philadelphia County for bad faith, fraud, violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 Pa. Stat. Ann. § 201-1 et seq., and breach of contract.  Defendant timely removed the action to this court on the basis of diversity of citizenship.

Plaintiffs have requested certain documents related to Nationwide's handling of the 1993 and 2000 accident claims which defendant refuses to produce on the ground of attorney-client privilege.  Plaintiffs argue that these documents must be turned over to them pursuant to the crime-fraud exception to the privilege.  See Clark v. United States, 289 U.S. 1 (1933).  A party challenging the privilege on this basis

> must make a prima facie showing that (1) the client was committing or intending to commit a fraud or crime, and (2) the attorney-client communications were in furtherance of that alleged crime or fraud.  A "prima facie showing" requires presentation of "evidence which, if believed by the fact-finder, would be sufficient to support a finding that the elements of the crime-fraud exception were met."

In re Grand Jury Investigation, 445 F.3d 266, 274 (3d Cir. 2006) (citation omitted).

Plaintiffs maintain that defendant fraudulently challenged the causation of Mr. Weniger's injuries in the 2000 accident.  In their complaint, plaintiffs contend that at the arbitration for the 1993 accident Nationwide took the position that Mr. Weniger "did not have injuries caused by the December 4, 1993 crash."  In their motion to compel, however, plaintiffs modify their stance.  They now maintain that Nationwide argued at that time only that Mr. Weniger did not sustain "serious" injuries in the 1993 accident.  In any event, plaintiffs assert that Nationwide's positions in connection with the 1993 and the 2000 accidents are inconsistent.  Plaintiffs also assert that it

was inconsistent for Nationwide to pay for certain of Mr. Weniger's medical procedures for the 2000 accident through his first-party medical benefits claim and then argue at the under-insured motorist benefits arbitration that his injuries were not causally related to that accident.  Even assuming, without determining, that Nationwide has taken inconsistent positions, plaintiff has not made a prima facie showing of fraud.

      Plaintiffs ask this court to conduct an in camera review of the privileged documents to determine whether the attorney-client communications were in furtherance of a fraud.  A party seeking to vitiate the privilege is not automatically entitled to such review.  United States v. Zolin, 491 U.S. 554, 571 (1989).  Instead, he "must present evidence sufficient to support a reasonable belief that in camera review may yield evidence that establishes the exception's applicability."  Id. at 574-75.  Plaintiffs have presented no such evidence.

      Accordingly, the motion of plaintiffs to compel production of documents will be denied.

```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN E. WENIGER, et al.       :      CIVIL ACTION
                              :
          v.                  :
                              :
NATIONWIDE INSURANCE          :
COMPANY                       :      NO. 05-5396
```

ORDER

      AND NOW, this 26th day of May, 2006, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that the motion of plaintiffs "to compel production of Rule 26(a)(1)(b) disclosure documents" is DENIED.

                                        BY THE COURT:


                                    /s/ Harvey Bartle III
                                                         C.J.